## IN THE MATTER OF THE PETITION OF EMMA LAMPMAN AND OTHERS, INFANTS.

*Proceedings to mortgage an infant's real estate for payment of its debts—the special guardian cannot dispute the validity of debts he is directed to pay—when he is not protected by an order of confirmation—when he is liable for interest—order directing the mortgage, and the report of the referee, should specify the debts to be paid.*

Where an order is made requiring the special guardian of an infant to mortgage its real estate and apply the proceeds thereof to the payment of certain specified debts, he cannot, after having received the money, refuse to pay one of the said debts, on the ground that the infant is not liable therefor.

When such special guardian renders an account of his proceedings, and procures an order confirming his report, without notice to the debtor whose claim he has knowingly refused and neglected to pay, such order furnishes no protection to him, and the same will, on the application of the creditor, be vacated, and the guardian will be directed to pay to such creditor his proportionate share of the proceeds of the mortgage.

In such a case the guardian should be required to pay interest on the amount which the creditor was entitled to receive, from the date of the order confirming his report.

An order directing the real estate of an infant to be mortgaged for the payment of its debts should contain a statement of the objects to which the

avails thereof are to be applied, and should not refer to any other paper for a specification of such objects.

The report of the referee in such proceedings should also specify such objects, and should not refer to the evidence for a statement thereof.

APPEAL from an order made at a Special Term, denying an application to set aside an order confirming the referee's report in the above entitled proceeding for the mortgaging of the infants' real estate. It was claimed that this appellant, one Sarah M. Ten Broeck, was a creditor of the estate of Henry Lampman, deceased, and of the infants who are the petitioners, his children and heirs, and of Mary E. Lampman, their mother, who had a dower right in the premises mortgaged. Her debt consists of a note for $600, made by the administrators in their individual names, but for the benefit of the estate, which was benefited by the moneys, and out of which the administrators agreed it should be paid. In the proceedings taken to mortgage the interest of the infants in the property, this claim was proven against the estate, and by the report of the referee it was shown to be proven and recommended to be paid. By the order of this court, made February 23, 1877, on such report, the special guardian was directed to pay this claim. By the referee's final report, dated February 28, 1878, and schedules, it did not appear to have been paid, as the $4,000 realized was absorbed by the accounts reported paid by the referee, some of which, it was claimed, were not directed to be paid by the order of this court. This is the report which was confirmed April 4, 1878, which order of confirmation is now sought to be set aside and vacated.

*James D. Van Hoevenbergh* and *J. N. Fiero*, for the appellant.

*Horace R. Peck*, for respondent.

LEARNED, P. J.:

The only question which we have to consider is whether the special guardian applied the avails of the mortgage as he had been directed to do by the order which authorized him to execute it. Whether or not the order authorizing the mortgage was wisely granted; whether all the debts were such that the court should

have authorized their payment; these and similar questions are not here. The special guardian cannot urge, as an excuse for not obeying the order under which he acted, that the court ought not to have made it.

The proceedings are not well conducted. For the order authorizing the mortgage ought, in itself, to have specified the objects to which the avails were to be applied, without requiring a reference to other papers. But the order refers to the report of the referee for a specification of these objects. And the report of the referee is itself improperly drawn; as it refers to the evidence for a statement of these objects, instead of stating them in the report itself. But, notwithstanding this imperfection in the papers, an examination of the evidence shows, beyond all questions, that the note held by Mrs. Ten Broeck is one of the debts, or claims, for the payment of which the money was to be raised by this mortgage. The note held by Mrs. Ten Broeck was in form the note of Mrs. Lampman. But, in this respect, it was just like the other notes, which were to be paid with these avails. And no matter whose note it was, the court had decided that the special guardian was to borrow money and pay it, among others. He borrowed the money; he paid the other notes, and he did not pay this. For this misconduct he shows no excuse. The formal order of confirmation of his report is no protection; for it was granted without notice to her. Nor can that order be considered, in any sense, a modification of the former order, which directed him to pay Mrs. Ten Broeck. Such an order of confirmation is too often granted almost of course. And the special guardian knew, when he obtained it, that he had not discharged the duty imposed upon him by the former order. To have procured an order confirming his report, when he knew that he had violated his duty, was only another act of misconduct in his trust.

After deducting the payments for attorneys' fees, &c., ordered to be paid, the residue of the avails, $3,575.25, if distributed *pro rata* among the debts ordered to be paid, would be ninety per cent. thereon. This proportion Mrs. Ten Broeck is entitled to, upon her debt of $684; and it will be $615.60.

The order appealed from must be reversed, with $10 costs, and

printing disbursements against the special guardian, and the motion to vacate the order of confirmation granted with $10 costs, and the special guardian must be ordered to pay Mrs. Ten Broeck the said sum of $615.60, with interest, as below stated.

The special guardian would, of course, have been entitled to some short time for making the payments, before he could be chargeable with interest upon the funds in his hands. But he certainly had time sufficient before the date of the order of confirmation. That date also may be treated as the time of a misappropriation by him. He must therefore pay interest on this sum from that date, viz.: from April 4, 1878.

Present—LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Order reversed, with $10 costs, and disbursements, and motion granted.